# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HAKKASAN LV LLC, a Nevada limited )
liability company, HAKKASAN LIMITED, a )
foreign private limited company, )    Case No.: 2:14-cv-01717-GMN-NJK
 )
          Plaintiffs, )    **ORDER**
  vs. )
 )
MARK DANIEL ADAMCZYK, an individual, )
and iDRIVE ORLANDO, a foreign limited )
liability company, )
 )
          Defendants. )
 )

Pending before the Court are the *ex parte* Motion for Temporary Restraining Order (ECF No. 2) and *ex parte* Motion for Preliminary Injunction (ECF No. 3) filed by Hakkasan LV LLC and Hakkasan Limited ("Plaintiffs") on October 16, 2014.  Plaintiffs have alleged that Mark Daniel Adamczyk and iDrive Orlando ("Defendants") have, *inter alia*, committed cybersquatting and trademark infringement through the operation of two websites bearing the domain names of <hakkasanbottleservice.com> and <hakkasan.net>. (Complaint, ECF No. 1).

In order to succeed on its motion, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

In the Ninth Circuit, "actual irreparable harm must be demonstrated to obtain a permanent injunction in a trademark infringement action." *Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013).  Accordingly, while "loss of

control over business reputation and damage to goodwill could constitute irreparable harm," a court's finding of such harm cannot be "grounded in platitudes rather than evidence." *Id.* at 1250.

Here, Plaintiffs have failed to present any evidence with their motions showing irreparable harm. Instead Plaintiffs merely argue that

> Defendants' actions are likely to cause consumers to falsely believe that the services provided by Defendants are somehow endorsed by or affiliated with Plaintiffs' high quality restaurant and nightclub services. Thus, Plaintiffs will suffer damage to their goodwill and reputation as a result of Defendants' actions because Plaintiffs have no control over the type and/or quality of the services provided by Defendants in connection with the Infringing Domain Names and corresponding website.

(Mot. for TRO 9:21-10:10, ECF No. 2). "[S]peculation on future harm, [however,] does not meet the standard of showing 'likely' irreparable harm." *Herb Reed Enterprises*, 736 F.3d at 1250. Currently, there is no showing before the Court that Plaintiffs have been harmed in the way they allege in their motions. The Court cannot grant these motions without such a showing. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order (ECF No. 2) and Motion for Preliminary Injunction (ECF No. 3) are **DENIED without prejudice**.

**DATED** this __17__ day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge