**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HAKKASAN LV LLC, a Nevada limited liability company, HAKKASAN LIMITED, a foreign private limited company,<br><br>        Plaintiffs,<br>vs.<br><br>MARK DANIEL ADAMCZYK, an individual, and iDRIVE ORLANDO, a foreign limited liability company,<br><br>        Defendants. | Case No.: 2:14-cv-01717-GMN-NJK<br><br>**ORDER** |

In the present case, Plaintiffs Hakkasan LV LLC and Hakkasan Limited ("Plaintiffs") have alleged that Mark Daniel Adamczyk and iDrive Orlando ("Defendants") have, *inter alia*, committed cybersquatting and trademark infringement through the operation of two websites bearing the domain names of <hakkasanbottleservice.com> and <hakkasan.net>. (Complaint, ECF No. 1). Currently pending before the Court are the Renewed *ex parte* Motion for Temporary Restraining Order (ECF No. 10) and Renewed *ex parte* Motion for Preliminary Injunction (ECF No. 11) filed by Plaintiffs on October 22, 2014.

In order to succeed on a motion for preliminary injunction, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). On October 17, 2014, this Court denied Plaintiffs' initial *ex parte* Motion for Temporary Restraining Order (ECF No. 2) and *ex parte* Motion for Preliminary Injunction (ECF No. 3) without prejudice because Plaintiffs had failed to present

any evidence in those motions that they had suffered irreparable harm from Defendants' actions. (Order 1:24-2:15, ECF No. 7 (citing *Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249–50 (9th Cir. 2013)). As the Court explained in that Order, "actual irreparable harm must be demonstrated to obtain a permanent injunction in a trademark infringement action," and a court's finding of such harm cannot be "grounded in platitudes rather than evidence." *Herb Reed Enterprises*, 736 F.3d at 1249–50.

In their revised motions, however, Plaintiffs again fail to present any evidence demonstrating irreparable harm. (Rev. Mot. for TRO 9:12-11:14, ECF No. 10). Instead, Plaintiffs' only substantive changes to their motions involve an in-depth explanation of how Defendants' actions could damage Plaintiffs' goodwill and why Plaintiffs cannot quantify the damages they have suffered as well as a declaration from the president of Hakkasan Group attesting to these explanations. (*Id.* 9:12-11:14; McCabe Supp. Decl., Ex. 2 to Rev. Mot. for TRO, ECF No. 10). Rather than mending the deficiencies in their initial motions, these additions are just more of same "unsupported and conclusory statements regarding harm" that were found insufficient to show irreparable harm by the Ninth Circuit in *Herb Reed Enterprises*. 736 F.3d at 1250.

In order to establish harm to its reputation or goodwill, Defendants must do more than submit a declaration insisting that that its reputation and goodwill have been harmed. They must provide evidence sufficient to establish a likelihood of irreparable harm.[1] *Id.* at 1251. For example, in similar cases, district courts have found sufficient evidence to establish irreparable harm when the plaintiff presented testimony that the plaintiff's goodwill was harmed by customer confusion resulting from the infringement. *See, e.g.*, *Treemo, Inc. v. Flipboard, Inc.*,

---

[1] The Court in *Herb Reed Enterprises* acknowledged that in many cases it may be difficult for parties to obtain sufficient evidence of irreparable harm at the preliminary injunction stage, which is why it also held that "the rules of evidence do not apply strictly to preliminary injunction proceedings." *Herb Reed Enterprises*, 736 F.3d at 1250 n.5.

C13-1218-JPD, 2014 WL 5306671, at *22 (W.D. Wash. Oct. 15, 2014). Therefore, Plaintiffs could potentially establish the likelihood of irreparable harm by presenting some consumer testimony or other evidence indicating that the consumers were confused by Defendants' allegedly infringing websites and that the confusion resulted in a loss of Plaintiffs' reputation or goodwill. *Cf. Titaness Light Shop, LLC v. Sunlight Supply, Inc.*, No. 13-16959, 2014 WL 5017851, at *1 (9th Cir. Oct. 8, 2014) (finding that likelihood of irreparable harm was not sufficiently shown where movant did not establish "its customers are aware of the [allegedly infringing] website, would associate the products on the site with marijuana, or would stop purchasing [movants] products if they mistakenly believed that [movant] was marketing to marijuana growers.").

While Plaintiffs need not quantify how much harm has been caused in order to obtain a preliminary injunction, they still must present some evidence showing that harm has occurred. No such evidence, however, has yet been presented in this case, and this Court cannot grant Plaintiffs' motions without it. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Revised Motion for Temporary Restraining Order (ECF No. 10) and Revised Motion for Preliminary Injunction (ECF No. 11) are **DENIED without prejudice**.

**DATED** this 28th day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge