United States District Court

District of Nevada (Las Vegas)

```
FILED        RECEIVED
ENTERED      SERVED ON
             COUNSEL/PARTIES OF RECORD

JAN - 6 2015

CLERK US DISTRICT COURT
   DISTRICT OF NEVADA
BY:_____DEPUTY
```

| | |
|---|---|
| **Hakkasan LV, LLC** | ) |
| | ) Case No.: 2:14-cv-01717-GMN-NJK |
| Plaintiff, | ) |
| | ) |
| | ) NOTICE OF MOTION AND MOTION FOR |
| vs. | ) ORDER VACATING AND SETTING ASIDE |
| | ) DEFAULT (AND DEFAULT JUDGMENT)], |
| **Mark Daniel Adamczyk,** | ) SUPPORTING DECLARATION, AND |
| | ) MEMORANDUM OF POINTS AND |
| Defendant. | ) AUTHORITIES AND ORDER |
| | ) Date:_____ |
| | Time:_____ |
| | Dept:_____ |

## NOTICE OF MOTION TO VACATE DEFAULT JUDGMENT

To plaintiff **Hakkasan LV, LLC** and to his/her attorney of record.
NOTICE IS HEREBY GIVEN that, a motion will be heard on the following date, time and place:_____. (Date and time of motion).

The motion will be heard in the following courthouse and division/department: _____, located at _____ [*address*], _____ [*city*].

Defendant will, and hereby does, move to vacate and set aside default judgment entered against defendant on James Adamczyk, IDrive Orlando LLC, on 12/24, 2014.

The motion will be made on the ground(s) that the default judgment was taken against defendant through inadvertence, surprise *and* excusable neglect.

The motion will be based on this notice of motion, the accompanying declaration(s) of the defendant, and the memorandum of points and authorities served and filed herewith, on the records and file herein, and on such evidence as may be presented at the hearing of the motion.

Dated: ____1/1/15____.                              Respectfully Submitted,
                                                    By:_____

## DECLARATION IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT

I, Mark Daniel Adamczyk, declare: I am the defendant in the above-entitled case.
(Enter your Statement of Facts Related to the case)

IDrive Orlando, LLC and James P. Adamczyk have nothing to do with this case. I manage domains for these two parties at GoDaddy.com. They somehow had whois information updated when updating information in the admin panel. Them being named and served in this case is arbitrary as Mark Cuban, the owner of the Dallas Mavericks, being named and sued. I could easily change the WHOIS on a domain to show anyone names. This was an obvious inadvertence and excusable neglect. I am the only one associated and acted, purchased and setup the hakkasan.net and hakkasanbottleservice.com domains.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on  1st January 2015 at 1:03 pm  .

Dated: 1/1/15

Respectfully Submitted,

By: _____
Defendant in Pro Per

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT

**THE COURT SHOULD GRANT THE MOTION TO SET ASIDE THE DEFAULT AND DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE SECTION 473(b) BECAUSE THE DEFAULT JUDGMENT WAS TAKEN AGAINST DEFENDANT THROUGH HIS/HER MISTAKE *and/or* INADVERTENCE *and/or* SURPRISE *and/or* EXCUSABLE NEGLECT, AND JUSTICE REQUIRES DETERMINATION OF THE ISSUES AFTER A HEARING ON THE MERITS OF THE CASE.**

**A. Grounds for Relief From Judgment, Order, or Other Proceeding.** On application, the court may, on any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect (Code Civ. Proc. § 473(b)).

**B. Policy of Law Favors Trial on Merits.** The policy of the law is that controversies should be heard and disposed of on their merits ( Fasuyi v. Permatex, Inc. (2008) 167 Cal. App. 4th 681, 694-703, 84 Cal. Rptr. 3d 351 ; Berman v. Klassman (1971) 17 Cal. App. 3d 900, 909, 95 Cal. Rptr. 417 ).

**C. Court Has Wide Discretion in Granting Relief.** A trial court has wide discretion to grant relief under Code of Civil Procedure Section 473 ( Berman v. Klassman (1971) 17 Cal. App. 3d 900, 909, 95 Cal. Rptr. 417 ).

**D. Liberal Construction of Statute.** Code of Civil Procedure Section 473(b) is a remedial measure to be liberally construed, and any doubts existing as to the propriety of setting aside a default thereunder will be resolved in favor of a hearing on the merits ( Berman v. Klassman (1971) 17 Cal. App. 3d 900, 910, 95 Cal. Rptr. 417 ).

Dated: 1/1/15 .

Respectfully Submitted,
By: _____
Defendant in Pro Per

United States District Court

District of Nevada (Las Vegas)

|  |  |
|---|---|
| _____<br>                    Plaintiff,<br><br>vs.<br><br>_____,<br><br>                    Defendant. | )<br>) Case No.: 2:14-cv-01717-GMN-NJK<br>)<br>)<br>) ORDER<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER OF COURT**

The motion of the defendant for an order of setting aside and vacating the default (and default judgment) heretofore entered came on for hearing by the court on _____ [*date*]. Plaintiff appeared by counsel or in pro per _____ [*name*]; defendant appeared in pro per.

IT IS HEREBY ORDERED that the default Judgment heretofore entered in this action against the defendant _____[name of defendant], this judgment having been entered on _____ [*date*] in Volume _____, Page _____, of the Judgment Book be hereby set aside and vacated.

Dated:_____.

                                                                    _____
                                                                    Judge of the Superior Court

M.A Ramirez
12 Meadowfield Rd
Longwood, FL
32779

Las Vegas Federal Court
333 S. Las Vegas Blvd
Las Vegas NV
89101

8910170659

FOREVER
A0904 11 1823 110 1
USA
UNITED STATES POSTAL SERVICE