LAURI S. THOMPSON, ESQ.
Nevada Bar No. 6846
thompsonl@gtlaw.com
LARAINE M. I. BURRELL, ESQ.
Nevada Bar No. 8771
burrelll@gtlaw.com
SHAUNA L. NORTON, ESQ.
Nevada Bar No. 11320
nortons@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HAKKASAN LV, LLC, a Nevada limited liability company, HAKKASAN LIMITED, a foreign private limited company, <br><br> Plaintiffs, <br><br> v. <br><br> MARK DANIEL ADAMCZYK, an individual; and IDRIVE ORLANDO, LLC, a foreign limited liability company; JAMES PATRICK ADAMCZYK, an individual; and MYDOMAINHOLDING, LLC, a foreign limited liability company, <br><br> Defendants. | Case No.: 2:14-cv-01717-GMN-NJK <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT MARK DANIEL ADAMCZYK'S MOTION TO VACATE DEFAULT JUDGMENT OR IN THE ALTERNATIVE, MOTION TO STRIKE** |

Plaintiffs Hakkasan Limited and Hakkasan LV, LLC ("Plaintiffs") by and through their counsel of record, the law firm of Greenberg Traurig, LLP, hereby submit this Opposition to the Motion to Vacate Default Judgment filed by Defendant Mark Daniel Adamczyk ("Mr. Adamczyk") or in the alternative, Motion to Strike. This Opposition and Motion are made and based on the following memorandum of points and authorities, the pleadings and papers on file with the Court, and any oral argument of counsel the Court may entertain at a hearing.

LV 420384193v1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT BACKGROUND FACTS

1. This case involves defendants' violations of the Anti-Cybersquatting Consumer Protection Act, trademark infringement and counterfeiting, copyright infringement, unfair competition, common law trademark infringement, deceptive trade practices, and intentional interference with prospective economic advantage in connection with defendants' use and registration of the internet domain names <hakkasanbottleservice.com> and <hakkasan.net> and the use of Plaintiffs' intellectual property on defendants' website.

2. After numerous pre-litigation communications with Mr. Adamczyk, and wherein Plaintiffs' counsel urged him to retain counsel, Plaintiffs ultimately filed their Complaint against defendants on October 16, 2014. *See* Docket #1.

3. On November 4, 2014, Plaintiffs effectuated service of process of the summons and complaint on defendant iDrive Orlando, LLC. *See* Docket # 14.

4. On November 10, 2014, Plaintiffs filed their first amended complaint to incorporate additional defendants James Patrick Adamczyk and MyDomainHoldings, LLC in the lawsuit. *See* Docket # 13.

5. On November 11, 2014, Plaintiffs served the first amended complaint on iDrive Orlando, LLC. *See* Docket # 16.

6. On November 14, 2014, Plaintiffs effectuated service of process of the summons and first amended complaint on defendant James Patrick Adamczyk. *See* Docket # 17.

7. On December 2, 2014, Mr. Adamczyk filed an Answer to Plaintiffs' first amended complaint. *See* Docket # 18.

8. Neither James Patrick Adamczyk nor iDrive Orlando, LLC ever responded to Plaintiffs' amended complaint.

9. On December 23, 2014, Plaintiffs filed their requests to enter default against James Patrick Adamczyk and iDrive Orlando, LLC. *See* Docket #'s 20 and 21.

10. On December 29, 2014, the clerk of the court entered default against James Patrick Adamczyk and iDrive Orlando, LLC. *See* Docket #'s 22 and 23.

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 420384193v1

11. On January 6, 2015, Mr. Adamczyk filed the instant motion to vacate the defaults entered against James Patrick Adamczyk and iDrive Orlando, LLC. However, this motion is wholly improper as a matter of law and must be denied or alternatively, stricken from the record because Mr. Adamczyk is <u>not</u> a licensed attorney and cannot file pleadings on behalf of other defendants in the case, namely James Adamczyk. Moreover, even if Mr. Adamzcyk is an owner of iDrive Orlando, LLC, he cannot file pleadings on its behalf as an entity <u>must</u> be represented by a licensed attorney.

## II. <u>LEGAL ARGUMENT</u>

### A. <u>Mr. Adamczyk, a Non-Lawyer, Cannot File Pleadings On Behalf of James Patrick Adamczyk.</u>

The law is well settled that a *pro se* individual litigant may only appear on behalf of himself and has no authority to represent others in court. *See Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988) ("an advocate who is not a member of the bar may not represent clients (other than himself) in court"); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself." (internal quotation marks omitted)); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) ( "[I]t is clear that an individual may appear in the federal courts only pro se or through counsel."); *Herrera–Venegas v. Sanchez–Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) ("The federal courts have consistently rejected attempts at third-party lay representation. By law an individual may appear in federal courts only pro se or through legal counsel." (citation omitted)). Accordingly, Mr. Adamczyk's improper filing of the instant motion to vacate on behalf of James Patrick Adamczyk must be denied or alternatively, stricken from the record.

### B. <u>Defendant iDrive Orlando, LLC is Required to Retain Counsel in Order to Participate or File Pleadings In This Case.</u>

"It has been the law for the better part of two centuries…that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *see also United States v. Unimex*, 991 F.2d 546, 549 (9th Cir. 1993) ("Counsel is essential for a corporation at trial, because it cannot appear pro se); *Eagle Financial Service, CO v.*

LV 420384193v1

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*C.I.P. Venture Group, LLC*, 2007 WL 1430060 at *1 (S.D. Cal. May 14, 2007) ("Nonattorneys are barred from representing corporations."). The primary reason for this requirement is "that the conduct of litigation by a non-lawyer creates unusual burdens not only for the party he represents but as well for his adversaries in court." *Sunde v. Contel of California*, 112 Nev. 541, 543 (1996). Further, non-lawyers "frequently bring pleadings that are awkwardly drafted, motions that are inarticulately presented [and] proceedings that are needlessly multiplicative." *Id.* Additionally, non-lawyers lack the professional skills of a lawyer as well as "many of the attorney's ethical responsibilities, e.g. to avoid litigating unfounded or vexatious claims." *Id.*

Here, Mr. Adamczyk, a non-lawyer, has filed a Motion with this Court on behalf of Defendant iDrive Orlando, LLC, a Florida limited liability company. Since an entity must be represented by licensed counsel, Mr. Adamczyk's representation of iDrive Orlando, LLC is prohibited as a matter of law. As such, this court should deny Mr. Adamczyk's motion or in the alternative, strike the motion from the record.

### III. <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs respectfully request that the Court deny Mr. Adamczyk's Motion to Vacate the Default entered against James Patrick Adamczyk and iDrive Orlando, LLC in its entirety. Alternatively, Plaintiffs request that the Court strike Mr. Adamczyk's motion from the record.

Dated this 20th day of January, 2015.

GREENBERG TRAURIG, LLP

*/s/ Laraine M.I. Burrell*

---

Lauri S. Thompson (Bar No. 6846)
Laraine M.I. Burrell (Bar No. 8771)
Shauna L. Norton (Bar No. 11320)
3773 Howard Hughes Parkway, Suite 400 N
Las Vegas, Nevada 89169
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2015, I served the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT MARK DANIEL ADAMCZYK'S MOTION TO VACATE DEFAULT JUDGMENT AND MOTION TO STRIKE** on:

Mark Daniel Adamczyk
112 Meadowfield Lane
Longwood, FL 32779

by causing a full, true, and correct copy thereof to be sent by the following indicated method or methods, on the date set forth below:

X   by mailing in a sealed, first-class postage-prepaid envelope, addressed to the last-known office address of the attorney, and deposited with the United States Postal Service at Las Vegas, Nevada.

/s/ Cynthia L. Ney
An employee of Greenberg Traurig, LLP