# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HAKKASAN LV, LLC, et al., | Case No. 2:14-cv-01717-GMN-NJK |
| Plaintiff(s), | **ORDER** |
| vs. | |
| MARK DANIEL ADAMCZYK, et al., | (Docket No. 29) |
| Defendant(s). | |

This case is not off to a good start. On January 21, 2015, the Court ordered Defendant Mark Daniel Adamczyk ("Defendant") to contact Plaintiffs' counsel to arrange a time and date to hold the Rule 26(f) conference, and to participate in the preparing of a proposed discovery plan. *See* Docket No. 28. Defendant and Plaintiffs' counsel arranged a date and time to hold the Rule 26(f) conference, but it never materialized because Plaintiffs' counsel waited for Defendant to call her conference call telephone line while Defendant waited for Plaintiffs' counsel to call him. *See* Docket No. 29. During the interim, Defendant and Plaintiffs' counsel exchanged numerous emails that fell below the standard of conduct the Court expects of parties proceeding *pro se* and attorneys. The Court does not condone the use of disrespectful language, nor does it condone the use of the discovery process as an attempt to score litigation points with a game of "gotcha."

The Court begins by reminding the parties and counsel that "[o]bstructive refusal to make reasonable accommodation . . . not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients." *Hauser v. Farrell*, 14 F.3d

1338, 1344 (9th Cir. 1994). That is especially true in the discovery context, as "[d]iscovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006, *8 (D. Nev. Aug. 1, 2013) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). "It is regrettable that counsel for the parties and/or the parties themselves have so much difficulty cooperating with discovery and the Court is often called upon to spell out detailed rights and responsibilities." *Id.* This case is early in the proceedings, and the Court expects the parties and counsel to better cooperate as the case moves forward and to proceed with civility toward one another.

Currently before the Court is Plaintiffs' motion for an order for Defendant to show cause why he should not be held in contempt. *See* Docket No. 29. That motion is hereby **DENIED** without prejudice. With the above admonishment in mind, the Court instead will again order that Defendant and Plaintiffs' counsel proceed with holding the Rule 26(f) conference and filing a joint proposed discovery plan. The parties shall arrange for and hold the Rule 26(f) conference no later than February 9, 2015, and shall file a joint proposed discovery plan no later than February 17, 2015.

**Plaintiffs' counsel and Defendant shall anticipate that the failure to comply with this order will result in the imposition of sanctions. In the event that both Plaintiffs' counsel and Defendant fail to comply with the spirit and letter of this order, they should anticipate that the Court will impose a court fine on them both.**

IT IS SO ORDERED.

Dated: February 2, 2015

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE