UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HAKKASAN LV, LLC, et al., | Case No. 2:14-cv-01717-GMN-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| MARK DANIEL ADAMCZYK, et al., | (Docket No. 54) |
| Defendant(s). | |

Pending before the Court is Plaintiffs' motion for attorneys' fees. Docket No. 54. Defendant Mark Daniel Adamcyzk has not filed a response in opposition. The motion has been referred to the undersigned Magistrate Judge. The Court finds the matter properly resolved without a hearing. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion is hereby **DENIED** without prejudice.[1]

**I.    STANDARDS**

Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The

---

[1] The motion also seeks an award of costs in the amount of $2,935.45. Those costs have now been taxed by the Clerk's Office. *See* Docket No. 61. Accordingly, the motion is **DENIED** as moot with respect to the request for costs.

lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[2]

The touchstone in determining the hours for which attorneys' fees should be awarded is an analysis of whether the expenditure of that time was reasonable. *See, e.g., Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 433; *see also Cruz v. Alhambra School Dist.*, 601 F. Supp. 2d 1183, 1191 (C.D. Cal. 2009) ("the Court must eliminate from the lodestar time that was unreasonably, unnecessarily, or inefficiently" spent). The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).

In addition to establishing the reasonable hours expended, the party requesting attorneys' fees must also show that the hourly rates sought are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). "Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for partners and $250 for an experienced associate to be the prevailing market rate in this forum." *Crusher Designs, LLC v. Atlas Copco Powercrusher GmbH*, 2015 WL 6163443, *2 (D. Nev. Oct. 20, 2015) (report and recommendation adopted by Navarro, C.J.). "Courts awarding attorneys' fees in intellectual property or other complex cases routinely award

---

[2] The Court may adjust the lodestar based on a number of additional factors not subsumed in the initial calculation. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

fees based on rates within that range." *Id.* (collecting cases).  "As for very experienced paralegals, the prevailing rate is in the range of $125." *Id.*

## II. ANALYSIS

The Court finds the pending motion and supporting materials are insufficient to conduct the lodestar analysis at this time.  The attached declaration indicates that Ms. Thompson has experience litigating cybersquatting and trademark cases since 1998, *see* Docket No. 54 at 8-9, and that the rates sought are those usually charged by the law firm of Greenberg Traurig, *see id.* at 10.  This is insufficient.  Plaintiffs are seeking to recover fees charged by ten different people: Lauri Thompson, Shauna Norton, Cynthia Ney, Chris Lengemann, Laraine Burrell, Tamara Case, Rachel Little, Michael Moore, Jaycee Titus, and Aman Daemi-Rashidi.  *See id.* at 13-31.  While the motion itself specifies the positions of a few of these persons, *see id.* at 5, no declaration was filed specifying the positions held by each person, let alone evidencing their skill, experience and reputation such that the Court can determine the reasonableness of the rates sought.  This shortcoming is especially problematic given that it appears the rates sought are significantly higher than the prevailing rates in this District.  *See, e.g.*, *Crusher Designs*, 2015 WL 6163443, at *2.

The showing that the hours claimed were reasonably necessary in this case is also insufficient. For example, Plaintiffs are seeking to recover from Defendant Mark Daniel Adamcyzk attorneys' fees incurred with respect to the claims against other defendants.  *See, e.g.*, Docket No. 54 at 20-21 (claiming attorneys' fees incurred in seeking defaults against other defendants).  Plaintiffs have not provided legal authority that doing so would be proper.  Plaintiffs also appear to be seeking an extensive amount of time (172 hours) spent on a case that did not involve significant substantive work apart from a motion for summary judgment.  Moreover, the hours claimed include time spent on Plaintiffs' motions that were summarily denied by the Court, refiled, and then summarily denied again on essentially the same grounds.  *See* Docket No. 7 (denying motions for temporary restraining order and for preliminary injunction because "Plaintiffs have failed to present any evidence with their motions showing irreparable harm"); Docket No. 12 (denying amended motions for temporary restraining order and for preliminary injunction, based on the same case law cited previously, because "Plaintiffs again fail to present any

evidence demonstrating irreparable harm"). A sufficient explanation why Plaintiffs should recover such time has not been provided.

### III. CONCLUSION

For the reasons discussed above, the pending motion for attorneys' fees is hereby **DENIED** without prejudice. Any renewed motion shall be filed no later than December 18, 2015.

IT IS SO ORDERED

DATED: December 4, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge