UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HAKKASAN LV, LLC, et al., ) | |
|                 Plaintiff(s), ) | Case No. 2:14-cv-01717-GMN-NJK |
|                 ) | REPORT AND RECOMMENDATION |
| v. ) | |
| MARK DANIEL ADAMCZYK, et al., ) | (Docket No. 63) |
|                 Defendant(s). ) | |

Pending before the Court is Plaintiffs' motion for attorneys' fees. Docket No. 63. Defendant Mark Daniel Adamcyzk has not filed a response in opposition. The motion has been referred to the undersigned Magistrate Judge to prepare a report and recommendation. *See* Fed. R. Civ. P. 54(d)(2)(D). The Court finds the matter properly resolved without a hearing. *See* Local Rule 78-2. For the reasons discussed more fully below, the undersigned **RECOMMENDS** that the motion be **GRANTED** in part and **DENIED** in part.

I.  **STANDARDS AND ANALYSIS**

Chief United States District Judge Gloria M. Navarro has already held that Plaintiffs are entitled to reasonable attorneys' fees against Defendant pursuant to 15 U.S.C. § 1117(a). Docket No. 52 at 21. The pending motion seeks a determination of the amount of those fees.[1] Reasonable attorneys' fees

---

[1] Defendant has not opposed Plaintiffs' motion, but the undersigned will nonetheless review the reasonableness of the attorneys' fees sought. *See, e.g.*, *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992).

awarded under § 1117(a) are calculated using the traditional "lodestar" method. *See, e.g., Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (quoting *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993)). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Secalt S.A. v. Wuxi Shenxi Const. Machinery Co.*, 668 F.3d 677, 689 (9th Cir. 2012).[2]

### A. Hours Reasonably Expended

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. *See, e.g., Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 433. The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).

The undersigned previously expressed concern that the hours expended on this litigation may be excessive. *See* Docket No. 62 at 3. In their renewed motion for attorneys' fees, Plaintiffs have excluded hours expended by research attorneys and reduced the amount sought by 20%. *See, e.g.*, Docket No. 63 at 3. The undersigned finds that Plaintiffs' proposed reduction of 20% adequately accounts for the excessiveness in the hours claimed, and that the hours now sought are reasonable. Accordingly, the undersigned will calculate the lodestar using 80% of the hours outlined in the billing records, or 132.64 hours incurred among the three attorneys and the paralegal for whom Plaintiffs seek to recover fees.

---

[2] The Court may adjust the lodestar based on a number of additional factors not subsumed in the initial calculation. *See Secalt*, 668 F.3d at 689. Adjustments to the lodestar are proper in only "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). The undersigned has considered the additional factors in this case, and finds that they do not warrant departure from the lodestar figure.

B.     Hourly Rate

Having determined the hours reasonably expended by counsel, the undersigned turns to the hourly rate with which to calculate the lodestar. The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). It is especially appropriate for the Court to rely on its experience and knowledge of the prevailing rates in the community when the movant has failed to properly establish the reasonableness of the rates requested. *See Clockwork IP, LLC v. Aladdin One Hour HVAC, Inc.*, 2015 WL 2450195, *7 (D. Nev. May 22, 2015); *see also Cotton v. City of Eureka, Cal.*, 889 F. Supp. 2d 1154, 1162 (N.D. Cal. 2012) (given infirmities in evidentiary support for fee award, magistrate judge properly relied on familiarity with rates in the community).

Plaintiffs seek an hourly rate for shareholder Lauri Thompson of $555 for 2014 and of $590 for 2015. Plaintiffs seek an hourly rate for associate Laraine Burrell of $495 for 2014 and of $510 for 2015. Plaintiffs seek an hourly rate for associate Shauna Norton of $355 for 2014 and of $400 for 2015. Plaintiffs seek an hourly rate for paralegal Cynthia Ney of $245 for 2014 and of $260 for 2015. In reviewing the previous motion for attorneys' fees, the undersigned found that Plaintiffs had failed to support the rates sought with sufficient evidence of the skill, experience and reputation of the attorneys and paralegal, and further that the rates sought appeared to be significantly higher than the prevailing rates in this District. Docket No. 62 at 3. Plaintiffs have failed to assuage those concerns in their renewed motion for attorneys' fees.

As an initial matter, Plaintiffs provide no evidence of any kind regarding the prevailing rates in this forum. Plaintiffs have submitted no case law showing attorneys' fee awards in other cases with respect to these particular attorneys and have submitted no case law showing attorneys' fees awarded to other attorneys in this forum generally. Plaintiffs have not submitted any declarations or other evidence regarding the prevailing rate in the community.[3] Plaintiffs do indicate that the rates sought here are the "typical and usual hourly rates" charged by the attorneys and paralegal. *See, e.g.*, Thompson Aff. at ¶ 14; Docket No. 63 at 6. Nonetheless, the determination of a reasonable hourly rate "is not made by reference to rates actually charged the prevailing party." *Schwarz v. Sec. of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)); *see also Maldonado v. Lehman*, 811 F.2d 1341, 1342 (9th Cir. 1987) (counsel's customary rate is not controlling with respect to prevailing rate). Quite simply, "[t]he prevailing market rate analysis is a distinct question from the hourly rate actually charged to the client." *CLM Partners LLC v. Fiesta Palms, LLC*, 2013 WL 6388760, *5 (D. Nev. Dec. 5, 2013).

With Plaintiffs having failed to provide evidence regarding the prevailing rates in the community, the Court will rely on its own familiarity with the prevailing rates. "Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for partners and $250 for an experienced associate to be the prevailing market rate in this forum." *Crusher Designs, LLC v. Atlas Copco Powercrusher GmbH*, 2015 WL 6163443, *2 (D. Nev. Oct. 20, 2015) (report and recommendation adopted by Navarro, C.J.). "Courts awarding attorneys' fees in intellectual property or other complex cases routinely award fees based on rates within that range." *Id.* (collecting cases). "As for very experienced paralegals, the prevailing rate is in the range of $125." *Id.*

In addition to failing to provide evidence regarding the prevailing market rates, Plaintiffs have largely failed to provide information concerning the "skill, experience and reputation" of the attorneys

---

[3] The Local Rules require that motions for attorneys' fees "must . . . include . . . [a] brief summary of . . . [a]wards in similar cases." Local Rule 54-16(b). The Court requires this information to be provided with all motions for attorneys' fees because it informs, *inter alia*, the determination of whether the rates sought are in line with the prevailing rates. *See, e.g.*, *Semar v. Platte Valley Federal Sav. & Loan Ass'n*, 791 F.2d 699, 706 (9th Cir. 1986). Plaintiffs' motion states that "Plaintiffs' counsel does not know whether the award [sought] would be similar to the awards in other cases." Docket No. 63 at 6.

4

and paralegal for whom fees are sought.[4] The motion indicates that a "moderate degree of skill was required to perform the legal services properly," Docket No. 63 at 5, and that "Greenberg Traurig has an excellent reputation within the legal community and the attorneys working on this case are highly skilled," *id.* at 6. As to the skill, experience and reputation of Ms. Thompson in particular, Plaintiffs have submitted a declaration showing that she is a shareholder at Greenberg Traurig who has been litigating cybersquatting and trademark infringement cases since 1998.  Thompson Aff. at ¶ 2.  With respect to Ms. Burrell, Plaintiffs assert she was "a senior associate" and has "substantial experience handling trademark infringement and cybersquatting matters." Thompson Aff. at ¶ 2. Basic information regarding Ms. Burrell, such as the number of years she has been practicing law, are omitted.  The showing as to Ms. Norton's skill, experience and reputation is even more scant, as the declaration indicates merely that she is an "associate" with "substantial experience handling trademark infringement and cybersquatting matters."  Thompson Aff. at ¶ 2.  The Court is left to guess whether "substantial experience" means two years or ten years of experience, or somewhere in between.  The only information provided as to Ms. Ney is that she is the paralegal who "leads Greenberg Traurig's cybersquatting department." *See* Docket No. 63 at 6.

In short, despite being given a second opportunity to provide information about the skill, experience, and reputation of their attorneys and paralegal, Plaintiffs have failed to provide basic information, such as the years of experience, for all but one of the attorneys.  At the same time, as noted above, Defendant has not challenged the rates sought.  In this circumstance, the undersigned will determine an appropriate hourly rate based on the level of qualifications that can be fairly gleaned from the record as to each attorney and paralegal, and based on the undersigned's familiarity with the prevailing rates in the community.

---

[4] This shortcoming is particularly puzzling since the Court previously ruled that Plaintiffs had not made a sufficient showing of their counsel's skill, experience and reputation, and provided them an additional opportunity to provide that information. Docket No. 62 at 3. The undersigned declines to track down the basic information for Plaintiffs. *E.g. Williams v. Eastside Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001) (judges are not the parties' attorneys).

Ms. Thompson is a shareholder at Greenberg Traurig who has been litigating cybersquatting and trademark infringement litigation since 1998. Based on this bare showing, Plaintiffs seek an hourly rate for Ms. Thompson of $555 for 2014 and $590 for 2015, rates that are well above the prevailing market rate for partners with significant experience in intellectual property and other complex cases. *See, e.g.*, *Crusher Designs*, 2015 WL 8041619, at *2 (outlining rates of as much as $450 for partners); *Home Gambling Network, Inc. v. Piche*, 2015 WL 1734928, *10 (D. Nev. Apr. 16, 2015) (in patent litigation, awarding hourly rate of $361.71 for attorney with over 30 years experience specializing in complex patent and intellectual property litigation); *Aevoe Corp. v. AE Tech Co. Ltd.*, 2013 WL 5324787, *8 (D. Nev. Sept. 20, 2013) (in patent litigation, awarding hourly rates of $375 and $400 for partners practicing at prestigious Nevada law firm); *Aevoe Corp. v. Schenzhen Precise Electron Ltd.*, 2012 WL 2244262, *9 (D. Nev. June 15, 2012) (in patent litigation, awarding hourly rate of $400 for partner specializing in intellectual property at national law firm$400). The undersigned declines to calculate fees based on the rate sought for Ms. Thompson. Instead, based on the evidence submitted, the undersigned finds an hourly rate for Ms. Thompson of $400 for 2014 and $425 for 2015 to be proper.

With respect to Ms. Burrell, the evidence submitted consists of generic statements that she was a "senior associate" with "substantial experience." This evidence does not warrant an award at the hourly rates sought of $495 for 2014 and of $510 for 2015, or roughly double the upper end of the prevailing market rate for an "experienced associate." *Crusher Designs*, 2015 WL 6163443, at *2 (noting that the prevailing market rate in this forum for experienced associates is as much as $250). Instead, based on the evidence submitted, the Court finds an hourly rate for Ms. Burrell of $225 for 2014 and $250 for 2015 to be proper.

With respect to Ms. Norton, the evidence submitted shows merely that she is an associate with "substantial experience." This evidence does not warrant an hourly rate of $355 for 2014 and of $400 for 2015, well beyond the prevailing market rate for an "experienced associate." *Crusher Designs*, 2015 WL 6163443, at *2 (noting that the prevailing market rate in this forum for experienced associates is as much as $250). Instead, based on the evidence submitted, the Court finds an hourly rate for Ms. Norton of $190 for 2014 and $200 for 2015 to be proper.

With respect to Ms. Ney, the Court has been provided no information other than that she is a paralegal leading the firm's cybersquatting department. *See* Docket No. 63 at 6. This bare showing does not suffice to award an hourly rate for Ms. Ney of $245 for 2014 and of $260 for 2015, or roughly double the prevailing rate for "very experienced paralegals." *Crusher Designs*, 2015 WL 6163443, at *2 (noting that the prevailing market rate in this forum for "very experienced paralegals" is "in the range of $125"); *see also Boliba v. Camping World, Inc.*, 2015 WL 5089808, *4 (D. Nev. Aug. 27, 2015) (setting rate at $125 for paralegal with 24 years experience). Instead, based on the evidence submitted, the Court finds an hourly rate of $100 to be proper for Ms. Ney for both 2014 and 2015.

Accordingly, for the reasons discussed more fully above, the Court will calculate the lodestar using 2014 hourly rates as follows: Ms. Thompson = $400; Ms. Burrell = $225; Ms. Norton = $190; and Ms. Ney $100. The undersigned will calculate the lodestar using 2015 hourly rates as follows: Ms. Thompson = $425; Ms. Burrell = $250; Ms. Norton = $200; and Ms. Ney $100.

C.  Lodestar Calculation

|  | Hours | Hourly Rate | Total |
|---|---|---|---|
| Ms. Thompson (2014) | 13.76 hours | $400 | $5,504 |
| Ms. Burrell (2014) | 8.32 hours | $225 | $1,872 |
| Ms. Norton (2014) | 31.12 hours | $190 | $5,912.80 |
| Ms. Ney (2014) | 11.36 hours | $100 | $1,136 |
| Ms. Thompson (2015) | 7.92 hours | $425 | $3,366 |
| Ms. Burrell (2015) | 1.04 hours | $250 | $260 |
| Ms. Norton (2015) | 46.48 hours | $200 | $9,296 |
| Ms. Ney (2015) | 12.64 hours | $100 | $1,264 |
|  |  | **TOTAL:** | $28,610.80 |

7

**II.     CONCLUSION**

For the reasons discussed above, the undersigned **RECOMMENDS** that Plaintiffs' motion for attorneys' fees is **GRANTED** in part and **DENIED** in part. More particularly, the undersigned recommends that Plaintiffs be awarded $28,610.80 in attorneys' fees.

IT IS SO ORDERED

DATED: March 28, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).