# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| HAKKASAN LV, LLC, a Nevada limited liability company, HAKKASAN LIMITED, a foreign private limited company, | ) ) ) ) | Case No.: 2:14–cv–01717–GMN–NJK |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| MARK DANIEL ADAMCZYK, an individual; iDRIVE ORLANDO, LLC, a Florida limited liability company; JAMES PATRICK ADAMCZYK, an individual; MYDOMAINHOLDINGS, LLC, a foreign entity, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Pending before the Court is a Motion to Transfer (ECF No. 56) and a Motion to Vacate (ECF No. 57) filed by Defendant Mark Daniel Adamczyk ("Defendant"). Plaintiffs Hakkasan LV, LLC and Hakkasan Limited (collectively, "Plaintiffs") filed a Response to both motions. (ECF Nos. 59–60).

## I.     BACKGROUND

On August 19, 2015, the Court entered an Order (ECF No. 52) on Plaintiffs' Motion for Summary Judgment (ECF No. 39). In the Order, the Court granted summary judgment as to the following claims: (1) cybersquatting; (2) trademark infringement under the Lanham Act; (3) counterfeiting; (4) unfair competition; (5) copyright infringement; (6) common law trademark infringement; and (7) deceptive trade practices. (Order 21:13–16). Moreover, the Court denied summary judgement as to Plaintiffs' claim for intentional interference with prospective economic advantage. (*Id.* 21:21–23). As a result, the Court ordered the Clerk of the Court to enter judgment in favor of Plaintiffs in the amount of One Hundred Thousand Dollars

($100,000) for cybersquatting, Two Hundred Thousand Dollars ($200,000) for copyright infringement, Five Hundred Thousand Dollars ($500,000) for counterfeiting, and One Thousand Dollars ($1,000) for corrective advertising for a total of Eight Hundred and One Thousand Dollars ($801,000) as well as reasonable attorneys' fees. (*Id.* 21:16–21). That same day, judgment was entered in favor of Plaintiffs as directed by the Court. (*See* Judgment, ECF No. 53).

Shortly thereafter, Defendant filed the instant motions. (ECF Nos. 56–57). In his Motion to Transfer, Defendant argues that jurisdiction is incorrect, that he has demonstrated to the Court his inability to litigate in Nevada, and that the case should be transferred to his state of residence, Florida. (Mot. Transfer ¶¶ 1–3, ECF No. 56). Moreover, in his Motion to Vacate, Defendant argues that he "was not properly served with summary judgment complaint and proceedings," that he was not able to attend to the summary judgment due to a car accident, and that "a Judgment awarded in an amount over $800,00[sic] is excessive and improper." (Mot. Vacate ¶¶ 1–5, ECF No. 57).

## II.   MOTION TO VACATE

### A. Legal Standard

Although Defendant styles his motion as a motion to vacate, it appears that Defendant has actually made a motion to reconsider under Rule 60 of the Federal Rules of Civil Procedure. Rule 60 governs relief from a judgment or order:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

>   (5) the judgment has been satisfied, released or discharged; it
>   is based on an earlier judgment that has been reversed or
>   vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d at 1263.

### B. Discussion

In his Motion to Vacate, Defendant argues that he "was not properly served with summary judgment complaint and proceedings," that he was not able to attend to the summary judgment due to a car accident, and that "a Judgment awarded in an amount over $800,00[sic] is excessive and improper." (Mot. Vacate ¶¶ 1–5, ECF No. 57).

The Court has reviewed the prior Order and the arguments presented by Defendant in his motion and has not found any reason to overturn this Court's previous Order.  The Court finds neither clear error nor manifest injustice in the reasoning of its previous Order.  Accordingly, Defendant's Motion to Vacate is **DENIED**.

## III.   MOTION TO TRANSFER

### A. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  Under § 1404(a), courts "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988) (quoting *Van Dusen v. Barrack*, 376 12 U.S. 612, 622 (1964)).  Multiple convenience

and fairness factors may be weighed to determine whether transfer would be "in the interest of justice" as required by § 1404(a), including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). "Additionally, the presence of a forum selection clause is a 'significant factor'" as well as "the relevant public policy of the forum state, if any." *Id.* at 499.

A "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Although § 1404 displaced the common law doctrine of forum non conveniens for transfers between federal district courts, "forum non conveniens considerations are helpful in deciding § 1404 transfer motions." *Decker Coal*, 805 F.2d at 843; *Miskow v. Boeing Co.*, 664 F.2d 205, 207 (9th Cir. 1981), *cert. denied,* 455 U.S. 1020 (1982). Indeed, under § 1404 courts are permitted "to grant transfers upon a lesser showing of inconvenience" than that required by the doctrine of forum non conveniens. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

**B. Discussion**

In his Motion to Transfer, Defendant argues that jurisdiction is incorrect, that he has demonstrated to the Court his inability to litigate in Nevada, and that the case should be transferred to his state of residence, Florida. (Mot. Transfer ¶¶ 1–3, ECF No. 56). Defendant does not provide any analysis of the relevant convenience factors in regards to a § 1404 transfer. Moreover, upon analysis of the convenience factors identified above, the Court finds that transfer would not be in the interests of justice, especially considering that the Court has

already entered judgment in favor of Plaintiffs.  Accordingly, Defendant's Motion to Transfer is **DENIED**.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Transfer (ECF No. 56) and Motion to Vacate (ECF No. 57) are **DENIED**.

**DATED** this __5__ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge