1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HAKKASAN LV, LLC, et al., | ) |
| Plaintiff(s), | ) Case No. 2:14-cv-01717-GMN-NJK |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) (Docket Nos. 76-77) |
| MARK DANIEL ADAMCZYK, et al., | ) |
| Defendant(s). | ) |
| | ) |

Pending before the Court is Plaintiffs' amended motion for entry of default judgment against Defendants iDrive Orlando, LLC, James Patrick Adamcyzk, and My Domain Holdings, LLC ("Defaulting Defendants"). Docket No. 76. The undersigned finds the motion properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the undersigned **RECOMMENDS** that the motion for default judgment be **DENIED**, and that the claims against Defendants iDrive Orlando, LLC, James Patrick Adamcyzk, and My Domain Holdings, LLC be **DISMISSED**.[1]

## I.    BACKGROUND

This case involves allegations of various intellectual property infringements related to Plaintiffs' Hakkasan nightclub, including for cybersquatting, trademark infringement, and copyright infringement. The gist of the allegations is that Defendants, who have no affiliation with Plaintiffs, used domain names

---

[1] Because the undersigned recommends denial of the motion for default judgment, the undersigned also **RECOMMENDS** that the related motion for permanent injunction at Docket No. 77 be **DENIED**.

that included "hakkasan," along with the Hakkasan mark and images of the Hakkasan night club, to obtain leads to book tables at the nightclub and then sent these leads to commissioned VIP hosts in exchange for $399 per month. *See, e.g.*, Docket No. 52 at 1-3 (order granting summary judgment, providing overview of case). After cease-and-desist efforts failed, Plaintiffs sued Defendants in this Court alleging numerous causes of action. *See, e.g.*, Docket No. 13 (amended complaint).

One defendant, Mark Daniel Adamczyk, appeared in this action. *See, e.g.*, Docket No. 18. On August 19, 2015, Chief United States District Judge Gloria M. Navarro granted Plaintiffs' motion for summary judgment against Mark Daniel Adamczyk on all but one of the claims against him. Docket No. 52. In particular, Chief Judge Navarro granted summary judgment with respect to Plaintiffs' claims for (1) cybersquatting, (2) statutory trademark infringement and counterfeiting, (3) copyright infringement, (4) unfair competition, (5) common law trademark infringement, and (6) deceptive trade practices. *Id.* at 5-15.[2] Chief Judge Navarro also awarded significant damages in connection with summary judgment, including:

- • $100,000 for cybersquatting;
- • $200,000 for copyright infringement;
- • $500,000 for counterfeiting; and
- • $1,000 for corrective advertising.

*Id.* at 21. Chief Judge Navarro further awarded Plaintiffs their attorneys' fees and transferred the infringing domain names to Plaintiffs. *Id.* Chief Judge Navarro denied the request for a permanent injunction. *Id.* at 20.

The pending motion essentially seeks to extend the judgment already obtained to the Defaulting Defendants. *See* Docket No. 76 at 14-18. In addition, Plaintiffs seek a permanent injunction against Defaulting Defendants and additional attorneys' fees related to filing the motion for default judgment. *See id.* at 21-22.

_____

[2] Chief Judge Navarro denied the motion for summary judgment with respect to the claim for intentional interference with prospective economic advantage, Docket No. 52 at 15-16, which Plaintiffs then voluntarily dismissed with respect to Mark Daniel Adamczyk, Docket No. 72. In the pending motion, Plaintiffs also seek to dismiss that claim as it relates to Defaulting Defendants. *See* Docket No. 76 at 3 n.5.

## II.    ANALYSIS

"A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo., Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).  The Ninth Circuit has made clear that the Court has a duty to ensure that a defendant is properly before the Court prior to entering default judgment against it.  *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999).  This duty encompasses both a determination that the defendant was properly served and that the Court could permissibly exercise personal jurisdiction over the defendant.  *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 877-78 (N.D. Cal. 2012).

The initial motion for default judgment failed to meaningfully address either of these threshold issues, so the Court provided Plaintiffs an opportunity to do so through a renewed motion.  Docket No. 75; *see also Tuli*, 172 F.3d at 713 (courts must give plaintiffs an opportunity to explain basis for personal jurisdiction prior to denying default judgment).  For the reasons discussed below, Plaintiffs' renewed motion fails to show that service was effectuated against Defendant My Domain Holdings and also fails to show that the Court may exercise personal jurisdiction over Defendants James Patrick Adamcyzk and iDrive Orlando.

### A.    Service of Process – My Domain Holdings

As noted above, the Court must ensure that a defendant was properly served prior to entering default judgment against it.  The record indicates that service was made on My Domain Holdings through service on the mother of the managing member of that entity at his house.  *See* Docket No. 32.  In reviewing the initial motion for default judgment, the Court found that Plaintiffs had failed to explain how service had been effectuated on My Domain Holdings through this substituted service. Docket No. 75 at 1 & n.1.  In particular, the Court noted that Plaintiffs failed to supply any legal authority that a corporation may be properly served by leaving the summons and complaint with an officer's mother.  *See id.*

Plaintiffs' renewed motion states that service may be made on a corporation through its managing member or officer pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure, and that service on an individual is proper by leaving a copy of the summons and complaint with a person of suitable age at the officer's residence pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

1   *See* Docket No. 76 at 3-4.  Hence, Plaintiffs read these rules together as allowing service on a

2   corporation through substituted service on the corporation's officer at his residence.  Plaintiffs cite no

3   case law supporting this interpretation of the rules.  *See id.*  The undersigned declines to adopt Plaintiffs'

4   unsupported interpretation.

5           The text of the applicable Rule cited by Plaintiffs provides that a corporation may be served "by

6   delivering a copy of the summons and of the complaint to an officer, a manager or a general agent, or

7   any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P.

8   4(h)(1)(B).  The Rule does not define how such "deliver[y]" must be made.  Nonetheless, courts have

9   held that service on a corporation through Rule 4(h)(1)(B) requires "personal service" on the corporate

10  representative.  *See Annex Telecom Co. v. Brown*, 2014 WL 5149101, at *3 (E.D. Pa. Oct. 14, 2014);

11  *see also McAllister v. Hawiiana Mgmt. Co.*, 2012 WL 292955, at *12 (D. Haw. Jan. 30, 2012); *In re*

12  *TFT-LCD (Flat Panel) Antitrust Litig.*, 2009 WL 4874872, at *2 (N.D. Cal. Oct. 6, 2009).  More

13  specifically to this case, courts have long held that delivering papers to an adult at an officer's residence

14  does not constitute proper service on the corporation.  "Service under this part of the rule cannot be

15  made, as it may be made on individuals pursuant to Rule [4(e)(2)], by leaving a copy of the summons

16  and complaint at the officer's or agent's dwelling house or usual place of abode with a person residing

17  therein."  *Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 514 & n.7 (3d Cir. 1971).  Such a reading of the

18  Rules is consistent with the fact that Rule 4(h) lacks a provision for substituted service.  *See Allstate Ins.*

19  *Co. v. Riverside Roofing & Const. Inc.*, 2007 WL 1191785, at *3 (E.D. La. Apr. 19, 2007).  Moreover,

20  it is consistent with the fact that Rule 4(h) requires the "delivering" of the process papers rather than the

21  serving of the papers.  *See, e.g.*, *Colorado Legal Servs. v. Legal Aid Nat'l Servs.*, 2010 WL 1258090,

22  at *2 (D. Colo. Mar. 29, 2010) ("That is the import of the language 'delivering . . . to' in Rule 4(h)").

23  Following this interpretation of the Rules, courts have repeatedly rejected service attempts akin to the

24  circumstances presented here.  *See Tryforos v. Icarian Develop. Co.*, 518 F.2d 1258, 1260, 1264 (7th

25  Cir. 1975), *overruled on other grounds*, *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1975) (holding that

26  service on president's wife at his residence did not constitute service on the corporation); *Barclays Bank*

27  *of New York v. Goldman*, 517 F. Supp. 403, 413 (S.D.N.Y. 1981) (holding that service on maid at

28  officer's residence did not constitute service on the corporation); *Annex Telecom*, 2014 WL 5149101,

4

at *3 (holding that service on officer's mother at their shared residence did not constitute service on the corporation); *Colorado Legal Servs.*, 2010 WL 1258090, at *2 (holding that service on adult son of corporate agent at their residence did not constitute service on the corporation); *Allstate Ins. Co.*, 2007 WL 1191785, at *1, 3 (holding that service on father of corporate agent at their shared residence did not constitute service on the corporation); *Slater v. Mid S. Extrusion*, 2006 WL 4006129, at *2 (W.D. La. Dec. 20, 2006) (holding that service on wife of corporate agent at their residence did not constitute service on the corporation).

The Court finds the above case law interpreting the cited provisions of Rule 4 to be persuasive, and Plaintiffs have provided no contrary legal authority. As a result, Plaintiffs' service on the mother of My Domain Holdings' corporate officer at their shared home does not constitute effective service under Rule 4. Plaintiffs articulate no other possible basis on which the Court could conclude that service was effectuated on My Domain Holdings.[3] Accordingly, the undersigned recommends that the motion for default judgment be denied with respect to My Domain Holdings for lack of service.

B.    Personal Jurisdiction – Defendants James Patrick Adamcyzk and iDrive Orlando

As noted above, the Court has a duty to ensure that it may permissibly exercise personal jurisdiction over a defendant before entering default judgment against it. The analysis focuses on whether the exercise of personal jurisdiction comports with the constitutional principles of due process, which requires that a defendant have minimum contacts with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v.*

---

[3] The cases cited herein present inconsistent views as to whether a corporate defendant's actual notice of the proceedings impacts the Court's analysis. *Compare Colorado Legal Servs.*, 2010 WL 1258090, at *3 (discussing potential that actual notice may be a factor in finding service was completed, but deciding instead to "apply Rule 4(h) strictly" based on the circumstances of that case) *with Slater*, 2006 WL 4006129, at *2 n.2 ("'the defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements'" (quoting *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988)); *TFT-LCD*, 2009 WL 4874872, at *2 ("it is well-established that a defendant's actual notice of pending litigation is not sufficient to satisfy the requirements of Rule 4" (collecting appellate decisions)). Plaintiffs indicate in passing that My Domain Holdings had "at least . . . constructive notice of this proceeding," but they do not elaborate on the import of such notice nor cite any case law. Docket No. 76 at 4. The undersigned concludes that any argument regarding notice to My Domain Holdings has been waived. *Cf. Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts do not address arguments that are not meaningfully developed).

*Washington*, 326 U.S. 310, 316 (1945). In the context of a motion for default judgment, a plaintiff may satisfy its burden through a *prima facie* showing of sufficient contacts for the Court to exercise personal jurisdiction. *DFSB Kollective*, 897 F. Supp. 2d at 874. "To establish a *prima facie* case, plaintiffs are not limited to evidence that meets the standards of admissibility, but rather, they may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain." *Bendure v. Star Targets*, 2016 WL 829912, *2 (D. Mont. Mar. 1, 2016) (quoting *Heirdorn v. BBD Marketing & Mgmt. Co.*, 2013 WL 6571629, *7 (N.D. Cal. Aug. 19, 2013)), *adopted*, 2016 WL 1270984 (D. Mont. Mar. 31, 2016). Although courts must generally accept as true factual allegations in the complaint, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007); *see also DFSB Kollective*, 897 F. Supp. 2d at 877.

Plaintiffs' initial motion for default judgment failed to address personal jurisdiction, so the Court provided them an opportunity to file an amended motion explaining "how the Court may permissibly exercise personal jurisdiction over the subject defendants." Docket No. 75 at 1. In its entirety, Plaintiffs' renewed motion addresses this issue as follows:

> Further, Plaintiffs contend that the Court's exercise of personal jurisdiction over the Defendants is appropriate. In this case, the Defendants registered the Infringing Domain Names and created the corresponding website to solicit customers to purchase VIP table reservations and tickets to Plaintiffs' nightclub located in Las Vegas, Nevada. Defendants' website specifically targeted customers in the State of Nevada and their actions caused injury to Plaintiffs in the State of Nevada.

Docket No. 76 at 5-6; *see also* Docket No. 13 at ¶ 2 (personal jurisdiction allegations in the amended complaint that make similar assertions). The motion is bereft of citations to any legal authority that the identified contacts suffice to make a *prima facie* showing of personal jurisdiction. *But see Manwin Licensing Int'l S.a.r.l. v. Bulgin*, 2013 WL 12155166, at *2 (C.D. Cal. Feb. 12, 2013) (in addressing default judgment motion, noting that "[w]here online activity serves as the basis for asserting specific personal jurisdiction over an out-of-state defendant, the analysis is not as straightforward or simple as Plaintiff assumes" (collecting cases)). The motion also fails to make any factual citations on this front, either to the pleadings, evidence submitted with the motion for default judgment, or the record generally.

1    Plaintiffs' renewed motion has failed to assuage the undersigned's concerns that the exercise of personal

2    jurisdiction would be improper.

3        Most problematically, the blanket approach taken by Plaintiffs is contrary to well-established

4    Supreme Court precedent that "[e]ach defendant's contacts with the forum State must be assessed

5    individually." *See Calder v. Jones*, 465 U.S. 783, 790 (1984).  Collective allegations regarding the

6    contacts of "Defendants" are insufficient to establish personal jurisdiction over an individual defendant.

7    *See, e.g.*, *High Tech Pet Prods., Inc. v. Juxin Pet Prod. Co.*, 2013 WL 1281619, at *4-5 (E.D. Cal. Mar.

8    27, 2013) (holding that a *prima facie* showing of personal jurisdiction for entry of default judgment

9    requires "individualized and specific facts," which were not provided through collective allegations);

10    *Live Eyewear, Inc. v. Johnathan Eyewear, Inc.*, 2012 WL 12888525, at *2-3 (C.D. Cal. June 22, 2012)

11    (holding that collective allegations run afoul of *Calder* because they are "insufficiently particular" to

12    determine each defendant's contacts with the forum).  As a result, Plaintiffs' bare allegations regarding

13    the contacts of "Defendants" with Nevada do not establish a *prima facie* showing of personal jurisdiction

14    over James Patrick Adamcyzk or iDrive Orlando.[4]

15        Although the renewed motion is plainly insufficient to establish personal jurisdiction, the Court

16    has also conducted an independent review of the amended complaint to determine whether allegations

17    have been pled such that personal jurisdiction may be asserted against Defendants James Patrick

18    Adamcyzk and/or iDrive Orlando.  Removing the collective allegations regarding "Defendants," the

19    amended complaint alleges in total that James Patrick Adamcyzk is the father of Defendant Mark Daniel

20    Adamcyzk, that he resides in Florida, and that he was listed temporarily as the registrant for the

21    infringing domain names.  *See id.* at ¶¶ 6, 28-29.  To be clear, the amended complaint does not state that

22    James Patrick Adamcyzk actually registered the domain names, instead it indicates that the information

23    originally listed on the WHOIS website was changed to reflect him as the registrant *after* Plaintiffs sent

24    _____

25        [4] To the extent Plaintiffs implicitly contend that the contacts of the four Defendants should be viewed
     jointly because they are "closely associated," *see* Docket No. 76 at 5, Plaintiffs fail to explain how the
26    imputation of contacts among Defendants would be constitutionally permissible, *see, e.g.*, *Kipperman v.
     McCone*, 422 F. Supp. 860, 873 n.14 (N.D. Cal. 1976) ("[P]ersonal jurisdiction over any non-resident
27    individual must be premised upon forum-related acts personally committed by the individual.  Imputed
28    conduct is a connection too tenuous to warrant the exercise of personal jurisdiction").

Defendant Mark Daniel Adamczyk a cease-and-desist letter. *See id.* at ¶¶ 28-29. That is the only factual allegation in the amended complaint specific to James Patrick Adamcyzk with respect to the conduct at issue. Plaintiffs have given the Court no reason to believe that a Florida resident merely being listed as an infringing domain name's registrant, after litigation is looming, could possibly establish minimum contacts with Nevada sufficient for the Court to exercise personal jurisdiction. The undersigned concludes that a *prima facie* showing of jurisdiction over James Patrick Adamcyzk has not been made.[5]

A *prima facie* showing has also not been made with respect to iDrive Orlando. The amended complaint's only mention of iDrive Orlando is the allegation that it is a Florida limited liability corporation. Docket No. 13 at ¶ 5. The amended complaint also attaches a printout of a WHOIS record as an exhibit, and that exhibit lists iDrive Orlando as the registrant organization for the infringing domain names. *Id.*, Exh. 2. The amended complaint does not allege that iDrive Orlando actually registered the infringing domain names, *see id.* at ¶ 16 (alleging that "Defendants" registered the domain names), nor does it allege that the information contained in the WHOIS record is accurate.[6] Even viewing the amended complaint as alleging that iDrive Orlando did register the domain names, however, such an allegations is insufficient. The Ninth Circuit has consistently stated that "simply registering

---

[5] Even were it proper to exercise personal jurisdiction over James Patrick Adamcyzk, the undersigned would have serious reservations about recommending default judgment. In deciding whether to enter default judgment, the Court addresses a variety of factors that include the merits of the plaintiff's substantive claim, the sufficiency of the complaint, and the possibility of a dispute concerning material facts. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). While the merits of Plaintiffs' claims and the sufficiency of the complaint may be strong with respect to some of the defendants in this case, they are not with respect to James Patrick Adamcyzk as there are no allegations that he engaged in any wrongdoing other than collective references to the conduct of "Defendants." Moreover, Plaintiffs state in conclusory terms that "there is a very low possibility that Defendants could create any disputes of material facts even if they were to appear and defend," Docket No. 76 at 5, which ignores the fact that the record includes a sworn declaration that James Patrick Adamcyzk had "nothing to do" with the conduct alleged in the case, Docket No. 25 at 2.

[6] The lack of such allegations is significant because courts have been reluctant to rely on WHOIS exhibits given that they can contain false information. *Atlas Copco AB v. Atlascopcoiran.com*, 533 F. Supp. 2d 610, 613 (E.D. Va. 2008) (finding information in WHOIS database to be false); *Dominion Enterps. v. Dominionenterprisesco.com*, 2010 WL 395951, at *2 (E.D. Va. Feb. 2, 2010) (same); *see also Fraserside IP LLC v. Letyagin*, 885 F. Supp. 2d 906, 921 & n.9 (N.D. Iowa 2012) (refusing to find a *prima facie* showing of personal jurisdiction based on evidentiary concerns regarding WHOIS exhibits).

someone else's trademark as a domain name and posting a web site on the Internet is not sufficient to subject a party domiciled in one state to jurisdiction in another." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1157 (9th Cir. 2006) (providing overview of Ninth Circuit case law).  Instead, personal jurisdiction only exists if there is "something more" demonstrating that the defendant directed its activity to the forum. *Id.*  No such "something more" has been alleged here with respect to iDrive Orlando.

In short, the undersigned finds an insufficient showing has been made that the Court may permissibly exercise personal jurisdiction over Defendants James Patrick Adamcyzk and iDrive Orlando.

## III.   CONCLUSION

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that the renewed motion for default judgment be **DENIED**, and that the claims against Defendants iDrive Orlando, LLC, James Patrick Adamcyzk, and My Domain Holdings, LLC be **DISMISSED**.

IT IS SO ORDERED.

DATED: April 5, 2017

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.